**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| RODRICK LAKIRK SCOTT,         ) | |
| ID # 00677290,                            ) | |
|     Petitioner,           ) | |
| vs.                                                ) | No. 3:14-CV-3304-N (BH) |
|                                    ) | |
| WILLIAM STEPHENS, Director,  ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal    ) | |
| Justice, Correctional Institutions Division,  ) | |
|     Respondent.         ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, this action should be **DISMISSED** as frivolous.

**I.  BACKGROUND**

Roderick Lakirk Scott (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a *pro se* motion in a habeas case on September 3, 2014, that has been construed as a petition for writ of mandamus. (*See* docs. 1, 2.) He names the Director of TDCJ-CID, William Stephens, as the respondent, but he seeks an order compelling "the appropriate official", whether the District Attorney, the Clerk of the 195th Criminal District Court, or the Texas Attorney General, to provide him copies of the records from his criminal trial in case number F-94-02225-N in the 195th Judicial District Court of Dallas County, Texas. (doc. 2. at 2-3). No process has been issued.

**II.  PRELIMINARY SCREENING**

Petitioner is an inmate in the Texas Department of Criminal Justice who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a

governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, one must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. MANDAMUS

Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Section 1361 of Title 28 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other

2

avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Here, Petitioner does not allege that the respondent in this case actually possesses the records he seeks. He seeks an order to the "appropriate official" who has the records, whether the District Attorney, the Clerk of the 195th Criminal District Court, or the Texas Attorney General, to provide them to him. Regardless of the appropriate respondent, Petitioner essentially seeks a writ of mandamus against a state official. Federal district courts do not have jurisdiction to issue a writ of mandamus against a state actor or agency. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought). This Court is therefore without power to order the named respondent or the alternate respondents to provide Petitioner the state court records. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *McCauley v. Texas*, 2007 WL 1848046, *1 (E.D. Tex. June 25, 2007) (dismissing as frivolous a petition for writ of mandamus seeking to compel the State of Texas and Texas prison officials to preserve his legal materials); *Toney v. Fitzsimmons*, 2008 WL 495796 (N.D. Tex. Feb. 21, 2008) (dismissing as frivolous a petition for writ of mandamus seeking to compel county and state clerks to file and answer a state filing). The petition for writ of mandamus must be denied.

### IV. APA/FOIA

Petitioner also expressly seeks to obtain the state court records under "the Administrative Procedures Act 5 U.S.C.A. § 556[D]". (doc. 2 at 1.) He appears to seek relief under the Freedom

3

of Information Act, 5 U.S.C. § 552 (FOIA), rather than the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* (APA). *See gen. United States Dept. Of Justice, et al., v. Reporters Committee for Freedom of the Press, et al.*, 489 U.S. 749, 754 (1989) ("The statute known as the FOIA is actually a part of the Administrative Procedure Act (APA)"). "Congress enacted FOIA to overhaul the public-disclosure section of the Administrative Procedure Act (APA), 5 U.S.C. § 1002 (1964 ed.)." *Milner v. Dept. of Navy*, 562 U.S. 562, 131 S.Ct. 1259, 1262 (2011).

Regardless of whether Petitioner seeks relief under the APA, FOIA, or both, these statutes apply only to federal agencies. *See Wright v. Curry,* 122 F. App'x 724, 725 (5th Cir. 2004) (citing 5 U.S.C. § 552) (FOIA); *Highland Village Parents Group v. U.S. Federal Highway Adm.*, 562 F. Supp. 2d 857, 862 (E.D. Tex. 2013) (APA); *see also Huckeba v. Greenville Police Dep't*, No.3:05-CV-437-G, 2005 WL 1502063, at *1 (N.D. Tex. June 24, 2005) (The FOIA "applies only to 'records' maintained by 'agencies' within the executive branch of the federal government." ), *rec. adopted,* 2005 WL 1837028 (N.D. Tex. July 29, 2005). Neither statute provides a basis for the relief that he seeks against state officials, so he fails to state a claim.

## V. RECOMMENDATION

This action should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED on this 18th day of May, 2015.**

                                                  _____
                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  _____
                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

5